[669 NYS2d 350]

In the Matter of JAN ARTHUR MARCUS, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, February 23, 1998

APPEARANCES OF COUNSEL

*Robert H. Strauss,* Brooklyn, for petitioner.

*Richard B. Kelsky,* New York City, for respondent.

## OPINION OF THE COURT

Per Curiam.

The petition contains two charges of professional misconduct against the respondent. After a hearing, the Special Referee sustained both charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as the Court deems appropriate. By way of response, the respondent asks the Court to take into account the mitigating factors and special circumstances present and to impose a discipline consistent with that imposed upon him by the State of Connecticut and that imposed by the Appellate Division, First Department, upon his former partner and codefendant in the case before the United States District Court *(see, Matter of Nasser,* 231 AD2d 247).

Charge One alleges that the respondent was guilty of professional misconduct in that he was convicted of a serious crime, in violation of Code of Professional Responsibility DR 1-102 (A) (3) (22 NYCRR 1200.3 [a] [3]). On or about April 6, 1994, the respondent entered a plea of guilty in the United States District Court for the District of Connecticut at New Haven to the charge of making a false statement for the purpose of influencing the action of a Federally insured institution in connection with a loan, in violation of 18 USC § 1014. The respondent was sentenced on November 22, 1995 to two months' home confinement, 200 hours of community service, restitution in the amount of $10,800, and three years' probation.

Charge Two alleges that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]), based on the allegations set forth in Charge One.

In the absence of any disputed issues, the Special Referee properly sustained the charges and the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider that he has been admitted to the practice of law in New York since 1980 and in Connecticut since 1983 without having been the subject of a disciplinary proceeding in either jurisdiction, other than the proceedings emanating from his involvement in the transactions giving rise to his conviction in the United States District Court. Additionally, the respondent's professional colleagues and social acquaintances have demonstrated a high regard for him as a lawyer and as a person of high moral and ethical standards. The respondent has satisfied the Special Referee that he is genuinely remorseful about his conduct, that he has learned a lesson from his experience, and that it is highly unlikely that he will ever again engage in such conduct.

The respondent points out that his Connecticut suspension, which was effective June 15, 1996, ended December 15, 1996. The respondent is currently in good standing in his home State of Connecticut. Additionally, the codefendant Nathan C. Nasser, who received the same sentence as the respondent, was suspended by the Appellate Division, First Department, for a period of six months, retroactive to the date of his interim suspension. Inasmuch as Nasser had already completed his suspension, he was reinstated to the practice of law without any further proceedings (see, Matter of Nasser, supra).

Under the unique circumstances of this case, the respondent, who has already been suspended from practice on an interim basis for over one year, is reinstated to practice and censured for his professional misconduct.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and KRAUSMAN, JJ. concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent is reinstated to the practice of law and is censured for his professional misconduct.